UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ROBERT A. MARTIN and EMPIRE
PROGRAMS, INC.,

                Plaintiffs,            11 Civ. 415

  -against                                  OPINION

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION, ET AL.,

                Defendants.

------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-24-11
```

**Sweet, D.J.**

        Plaintiffs filed their Amended Complaint on April 12, 2011, seeking a writ of mandamus under 28 U.S.C. § 1361 compelling the United States Securities and Exchange Commission ("SEC") and certain officers of that agency to "enter an Order approving a plan for distribution of the Remaining Funds within thirty (30) days, or such other period of time as the Court deems just and reasonable, together with an award to the plaintiffs of the costs and expenses of this proceeding." Am. Compl. at 8.

The SEC, by letters dated May 27 and June 3, 2011, notified the Court that it had issued the sought-after order: In the Matters of Bear Wagner Specialists, et al., SEC Release No. 34-65443, 2011 WL 2098098 (May 26, 2011). Plaintiffs have expressed objections to the substance of the order, but their Amended Complaint seeks a writ compelling the non-discretionary entry of an order, not dictating its contents. Therefore, the matter is now moot, and the Amended Complaint is dismissed.[1] See Christ v. U.S. Dept. of Labor, 578 F. Supp. 405, 406 (S.D.N.Y. 1984) ("Because the decision which plaintiffs had sought to compel by means of this action has now been rendered by the Department of Labor, plaintiffs' request for mandamus relief is moot and is therefore denied."); Hunter v. Colonial Park, 409 Fed. Appx. 411, 411-12 (2d Cir. 2011) (affirming the district court's denial of a petition for mandamus relief on the ground that the petitioner had obtained the relief he sought and, therefore, the case was moot.).

---

[1] Plaintiffs' June 14, 2011 letter contends that the SEC's final order violates its mandate to distribute the fund "for the benefit of investors" and fails to satisfy the SEC's non-discretionary duties. Plaintiffs contend that the mandamus action is therefore not moot. However, Plaintiffs' letter ultimately seeks review of the content of the order, not to compel its issuance. As discussed below, judicial review of the SEC's final order is the exclusive province of the Circuit Courts. Furthermore, the Amended Complaint demands the issuance of the order, not the modification of its contents, and is properly dismissed as moot despite the arguments in Plaintiffs' letter.

In their Amended Complaint, Plaintiffs indicate that the SEC's order should pay out the remaining monies in the distribution fund to the indentified victims of the New York Stock Exchange Specialist firms on a pro rata basis. Am. Compl. at ¶ 22. To the extent that Plaintiffs seek review of the substance of the SEC's order, that review must be undertaken by the United States Courts of Appeals. Section 25(a) of the Exchange Act, 15 U.S.C. § 78y(a)(1) and (3), provides the following:

> (1) A person aggrieved by a final order of the Commission entered pursuant to this chapter may obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit, by filing in such court, within sixty days after the entry of the order, a written petition requesting that the order be modified or set aside in whole or in part.
>
> ***
>
> (3) On the filing of the petition, the court has jurisdiction, which becomes exclusive on the filing of the record, to affirm or modify and enforce or to set aside the order in whole or in part.

See also <u>Altman v. U.S. S.E.C.</u>, No. 10 Civ. 9141, 2011 WL 781918, at *3 (S.D.N.Y. Mar. 6, 2011) ("The Exchange Act allows those aggrieved by SEC orders or rules to bring challenges in a United States Court of Appeals. 15 U.S.C. § 78y(a)(1), (b)(1). Those courts' jurisdiction is exclusive. 15 U.S.C. § 78y(a)(3), (b)(3)."); <u>Williams v. New York Stock Exchange</u>, No. 81 Civ. 6605, 1982 WL 1334, at *2 (S.D.N.Y. Sept. 29, 1982) ("If the person seeks judicial review, the exclusive remedy is with a federal Court of Appeals following action by the SEC.") (citing 15 U.S.C. § 78y(a)).

For the foregoing reasons, Plaintiffs' Amended Complaint is dismissed.

It is so ordered.

**New York, NY**
**June 2̶7̶, 2011**

ROBERT W. SWEET
U.S.D.J.